Thomas A. Russell, State Bar No. 108607
RUSSELL & ASSOCIATES
833 Dover Drive, Suite 15
Post Office Box 11466
Newport Beach, California 92658
Mobile: (949) 244-6230
Office: (949) 854-6000
Facsimile: (949) 854-6001
Email: trussell@ra-law.com

Attorneys for Plaintiff
WACHOVIA BANK, N.A

FILED
JUN 27 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY [signature] DEPUTY

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

WACHOVIA BANK, N.A.

Plaintiff,

vs.

*M/Y JUST A NOTION*, Official No. 1089525, her engines, tackle, furniture, appurtenances, etc., *in* rem; and GREGORY A. STRASBURG, as Trustor and Trustee of THE GREGORY A. STRASBURG REVOCABLE TRUST

Defendants.

CASE NO.: 08cv1023 JLS (AJB)

**IN ADMIRALTY**

**Order Re Maritime Arrest of Vessel, Appointment of Substitute Custodian, and Notice of Commencement of Action**

46 U.S.C. § 31325(b)(1); Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims Rule C

This matter came before the Court on the Ex Parte Application of Plaintiff Wachovia Bank, N.A. ("WACHOVIA") for an Order Re Maritime Arrest of Vessel, Appointment of Substitute Custodian, and Notice of Commencement of Action. Upon reading the Ex Parte Application, the Declaration of Rhonda Nixon, the Verified Complaint and Exhibits, and good cause appearing therefor:

IT IS HEREBY ORDERED:

1. That the Clerk of the Court forthwith shall issue to the United Marshal for the Southern District of California a warrant for the maritime arrest of the vessel, *M/Y JUST A NOTION*, Official No. 1089525, her engines, tackle, furniture, appurtenances, etc., *in rem* (collectively the "VESSEL"), a federally documented recreational vessel described as a 2000 Queenship 70' motor yacht. The VESSEL is now believed to be *CURRENTLY UNDER ARREST* in a related *in rem* action in this District before the Honorable Janice L. Sammartino, *Strasburg v. M/Y JUST A NOTION, etc, et al.*, USDC Case No. 08CV0021JLS (BLM) (the "Related Case").

2. That the Marshal shall, immediately upon execution of the warrant for maritime arrest of the VESSEL, release the VESSEL to Nielson Beaumont Marine, Inc. as the Substitute Custodian in this action. The Substitute Custodian's services, costs and responsibilities for the VESSEL in this action shall be consistent with the "Order Appointing New Substitute Custodian and Authorizing Movement of Defendant Vessel" in the Related Case until further order of this Court.

3. That WACHOVIA shall advance the Marshal's fees and costs incurred during WACHOVIA's arrest of the VESSEL, a pro-rata share of the Substitute Custodian's fees and costs while the VESSEL remains under arrest in both this and the Related Case, and the full amount of such fees and costs should the VESSEL only be under arrest in this action, until further order of this Court. WACHOVIA reserves the right to seek recovery of such fees and costs in any judgment in this action or in the Related Case.

4. That the Marshal shall take the VESSEL into custody even if it serves as a dwelling or is in the possession or under the control of a person or persons claiming a possessory common law lien, and shall remove all unauthorized persons aboard the VESSEL and permit them to remove their personal property.

5. That the owner or any other person claiming an interest in the VESSEL shall be entitled to a hearing upon not less than ten (10) days' prior written notice to WACHOVIA at which hearing WACHOVIA shall be required to show cause why the arrest should not be vacated or other relief granted.

6. That if the VESSEL is not released within ten (10) days after execution of the warrant for maritime arrest, WACHOVIA shall give public notice of the action and arrest in the *San Diego Commerce*, a newspaper of general circulation designated by CivLR 83.7.a as an official newspaper for publication of all notices required to be published by order of this Court, substantially in the form attached hereto. *See* CivLR C.1.b; FRCP Supp. Rule C(4).

7. That for purposes of compliance with the notice requirement of 46 U.S.C. § 31325(d) it shall be sufficient for WACHOVIA to give actual notice of the commencement of this action (A) to the master or individual in charge of the VESSEL at the time the warrant for maritime arrest is executed (who is anticipated to be the Substitute Custodian in the Related Case, Nielsen Beaumont Marine, Inc.), (B) to those persons who recorded unexpired notices of claims of undischarged liens on the VESSEL in the records of the U.S. Coast Guard (specifically, David Moniz, Kim Warner, Peter Blair, James R. Singleton, Rob La Brech and The Yacht Club LLC) ) and (C) to The Yacht Club LLC as a purported preferred mortgagee, by service of a copy of the Verified Complaint and

Warrant for Maritime Arrest upon them or their attorneys, unless after search satisfactory to the Court they have not been found in the United States.

DATED: June 27, 2008

*Janis L. Sammartino*

Hon. Janis L. Sammartino
HONORABLE JUDGE OF THE
UNITED STATES DISTRICT COURT