UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WACHOVIA BANK, N.A., <br><br>    Plaintiff, <br>v. <br><br>*M/Y JUST A NOTION*, Official Number 1089525, her engines, tackle, furniture and appurtenances, *in rem*, and GREGORY A. STRASBURG, *as Trustor and Trustee of The Gregory A. Strasburg Revocable Trust*, <br><br>    Defendants. | Case No.: 08cv1023 AJB (BLM) <br><br> ORDER DIRECTING THE CLERK TO DISBURSE $540,000.00 TO PLAINTIFF FROM THE PROCEEDS OF THE U.S. MARSHAL'S SALE OF THE *M/Y JUST A NOTION* AND RETAIN THE REMAINDER OF THE FUNDS PENDING RESOLUTION OF THE RELATED CASE, 08-CV-0021 |

Pending is the parties' Joint Motion for Order to Clerk to Disburse Funds (Doc. No. 68) asking the Court to direct the Clerk to disburse $540,000 to Wachovia Bank, N.A. ("Wachovia") from the sale proceeds of *M/Y Just a Notion* (the "Vessel"), filed March 29, 2011.

On April 4, 2009, the Court entered a Stipulated Judgment drafted by Wachovia and Defendant Gregory A. Strasburg. (Doc. No. 22). Pursuant to the Stipulated Judgment, the proceeds from the sale of the Vessel would be applied first to the mortgage held by Wachovia. (*Id.* at ¶ 14). In the event that the sale yielded proceeds in excess of the amount claimed by Wachovia, the Stipulated Judgment stated that "any balance remaining shall be deposited in the registry of the Court pending further orders of the Court." (*Id.*). If further stated that "[a]ny such funds shall not be disbursed to any other claimants or alleged lien holders until the validity of such liens has been adjudicated by this Court in the related

case," *Strasburg v. M/Y Just a Notion et al.*, 08-cv-0021.  The Stipulated Judgment relieved Wachovia of its obligation to pay the substitute custodian fees and costs while the Vessel remained arrested and transferred that obligation to Strasburg and the Strasburg Trust until further order of the Court.  (*Id.* at ¶ 11).

On April 23, 2010, the U.S. Marshals Service notified the court that the Vessel had been sold for $650,000.  (Doc. No. 53).  On February 4, 2011, the parties submitted a Joint Motion for Disbursement of Funds (Doc. No. 63).  The Funds Distribution Agreement was attached the motion as Exhibit A (Doc. No. 63-1).  The Funds Distribution Agreement provided that Plaintiff, as holder of the mortgage, would be paid $540,000 from the sale proceeds of the Vessel.  The Court granted the motion on February 8, 2011 (Doc. No. 64).  The Court subsequently directed the parties to file supplemental briefing with regard to disbursal of the remaining sale proceeds.

In the supplemental briefing, Strasburg asks that the Court disburse the remaining proceeds from the Vessel's sale to him in order to reimburse him for the administrative costs he has paid to the substitute custodian pursuant to the Stipulated Judgment.  (Doc. No. 65 at 3).  Strasburg contends that federal courts sitting in admiralty have equitable powers to give priority claims arising out of the administration of property within its jurisdiction.  (*Id.* (citing *New York Co. v. Poznan*, 274 U.S. 117 (1927); *Kingsgate Oil v. M/V Green Star*, 815 F.2d 918 (3rd Cir. 1987))).  Jim Singleton, a party in the related case, filed an opposition to Strasburg's supplemental briefing at the request of the Court.  (Doc. No. 66).  Singleton relies upon the terms of the Stipulated Judgment previously entered by the Court and argues that the Court should retain the remainder of the proceeds pending resolution of the related case. (*Id.*).

The Court is inclined to agree with Singleton's view.  Strasburg participated in the drafting of the Stipulated Judgment which clearly states that any proceeds exceeding the amount owed to Wachovia would "not be disbursed to any other claimants or alleged lien holders until the validity of such liens has been adjudicated by this Court in the related case."  (Doc. No. 22 at ¶ 14).  Nevertheless, Strasburg

entered into the Stipulated Judgment, knowingly incurring the obligation to pay the administrative costs associated with the Vessel's arrest. Accordingly, the Court is not inclined to depart from the terms of the mutually agreed upon Stipulated Judgment on the basis of equity towards Strasburg.

Based on the foregoing, the parties' Joint Motion for Order to Clerk to Disburse Funds is GRANTED. The Court directs the Court Clerk to disburse the amount of $540,000.00 from the interest bearing account in the above-entitled case to "Wachovia Bank, N.A.", whose mailing address is c/o Russell & Associates, Attn: Thomas A. Russell, Esq., P.O. Box 11466, Newport Beach, CA 92658. It is further ORDERED that the Clerk is authorized to deduct ten percent of any earned interest on this amount, as authorized by the Judicial Conference of the United States.

It is further ORDERED that the excess funds from the sale of the Vessel shall remain in the Court's registry pending resolution of the claims in the related case, *Strasburg v. M/Y Just a Notion*, 08-cv-0021.

IT IS SO ORDERED.

DATED: April 18, 2011

_____
Hon. Anthony J. Battaglia
U.S. District Judge